

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-54,908-02

### EX PARTE BRYAN DEAN HOSKINS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 045779-B IN THE 59TH DISTRICT COURT FROM GRAYSON COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual assault of a child and sentenced to sixty years' imprisonment. The Fifth Court of Appeals affirmed his conviction. *Hoskins v. State*, No. 05-00-01278-CR (Tex. App. — Dallas, Oct. 17, 2001) (not designated for publication).

On March 5, 2003, this Court denied Applicant's initial state habeas application challenging this conviction without written order. On September 13, 2016, Applicant filed this application in

the district court. In this application Applicant alleges, among other things,[1] that he was denied due process and a fair trial when the State unknowingly presented false or perjured testimony from witness Carolyn Ridling.

The district court recommends dismissing this application as a subsequent application barred by Article 11.07, section 4 of the Texas Code of Criminal Procedure. However, in this application, Applicant alleges that his conviction was obtained through the State's unknowing use of false or perjured testimony. Applicant points out that such a claim was not available at the time he filed his initial habeas application, and was not recognized as a basis for habeas relief until this Court's opinion in *Ex parte Chabot*, 300 S.W.3d 768 (Tex. Crim. App. 2009).

Applicant also presents facts which are sufficient to bring him within the ambit of the new legal basis for relief, under *Ex parte Oranday-Garcia*, 410 S.W.3d 865, 867 (Tex. Crim. App. 2013).

Applicant has alleged facts that, if true, might entitle to relief. In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court supplement the habeas record with a copy of the trial transcripts, specifically including the testimony of witness Carolyn Ridling. The trial court shall make findings of fact as to whether Ridling's testimony regarding her qualifications and certification as a Sexual Assault Nurse Examiner was false. In addition, the trial court shall make findings of fact as to whether Ridling's testimony was material to Applicant's conviction or punishment. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

---

[1]This Court has considered Applicant's other claims and finds them to be without merit.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the State unknowingly presented false testimony at Applicant's trial, and if so, whether the false testimony more likely than not contributed to Applicant's conviction or punishment. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: November 2, 2016
Do not publish